UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEN CAIN,

    Petitioner,

v.                                             Civil Action No. 2:12-cv-13637
                                               Honorable Nancy G. Edmunds

LLOYD RAPELJE,

    Respondent.
_____/

## OPINION AND ORDER
## GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS AND
## HOLD PETITION IN ABEYANCE AND ADMINISTRATIVELY CLOSING THE CASE

### I. Introduction

This 28 U.S.C. § 2254 matter is before the Court because Petitioner Allen Cain filed a motion to stay his habeas proceedings. Pet'r's Mot. to Stay, Mar. 28, 2013, ECF No. 10.

On August 16, 2012, Cain filed a habeas petition, *pro se*, raising a claim concerning the jury instructions and a related claim concerning the effectiveness of counsel. Pursuant to the Court's order, Respondent filed his answer and the Rule 5 materials on February 25, 2013. ECF No. 8 & 9. On March 28, 2013, Cain filed the pending motion asking the Court to stay his habeas proceedings so he can return to state court to exhaust additional claims concerning the effectiveness of trial and appellate counsel.

For the reasons stated, the Court will grant Cain's motion and hold the habeas petition in abeyance so he can return to state court and exhaust the additional claims.

## II. Background

Cain is a prisoner incarcerated by the Michigan Department of Corrections at the Saginaw Correctional Facility in Freeland, Michigan, where he is serving a sentence of ten to thirty years for two counts of third-degree criminal sexual conduct. Cain's convictions occurred on February 26, 2010, following a jury trial in the Circuit Court in Oakland County, Michigan. He was sentenced as a fourth-offense habitual offender on March 31, 2010. The Michigan Court of Appeals affirmed his convictions and sentences. *People v. Cain*, No. 298416, 2011 WL 6268187, at *1, *3 (Mich. Ct. App. Dec. 15, 2011). The Michigan Supreme Court denied his application for leave to appeal. *People v. Cain*, 812 N.W.2d 763 (Mich. 2012) (unpublished table decision).

## III. Discussion

State prisoners must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), "thereby giving the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal-habeas petition. 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999) (citations omitted); *McMeans v. Brigano*, 228 F.3d 674, 680-81 (6th Cir. 2000). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *O'Sullivan*, 526 U.S. at 845. A prisoner "'fairly presents' his claim[s] to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional

analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993), *overruled in part on other grounds by Thompson v. Keohane*, 516 U.S. 99 (1995) (citing *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987)). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal-habeas relief. *See Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002); *see also Baldwin*, 541 U.S. at 29 (same) (citations omitted). The petitioner bears the burden of showing that state-court remedies have been exhausted. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) (citation omitted).

The exhaustion doctrine, in the context of habeas cases, turns upon an inquiry of whether there are available state-court procedures for a habeas petitioner to exhaust his claims. *See Adams v. Holland*, 330 F.3d 398, 401 (6th Cir. 2003). Cain's method of properly exhausting his claims in the state courts would be through filing a motion for relief from judgment with the Oakland County Circuit Court under Michigan Court Rule 6.502. *See Wagner v. Smith*, 581 F.3d 410, 419 (6th Cir. 2009). A trial court is authorized to appoint counsel for him, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. MCR 6.505-6.507, 6.508(B) and (C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. MCR 6.509, 7.203, 7.302; *Nasr v. Stegall*, 978 F. Supp. 714, 717 (E.D. Mich. 1997). Cain is required to appeal the denial of his post-conviction motion to both state appellate courts in order to properly exhaust the claims he would raise in his post-conviction motion. *Id.*

The Court may stay the habeas petition and hold further proceedings in abeyance pending resolution of Cain's state-court, post-conviction proceedings, providing that he

demonstrates good cause for failing to exhaust those claims and that his unexhausted claims are not "plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

Cain argues that his unexhausted claims were not presented in state court because they are newly discovered and trial and appellate counsel were ineffective for failing to properly preserve the claims. Therefore, he has asserted good cause. In addition, the Court finds that his claims are not "plainly meritless" and that he has not engaged in intentionally dilatory tactics. *See Rhines*, 544 U.S. at 277-78. Cain's request is granted and his habeas proceedings are stayed pending the exhaustion of his unexhausted claims. Additionally, the Court concludes that an outright dismissal of the petition would jeopardize Cain's timeliness of any future habeas petitions. A stay therefore is warranted.

When a district court determines that a stay is appropriate pending exhaustion of state-court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, at 278. To ensure that Cain does not delay in exhausting his state-court remedies, the Court imposes upon him time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). He must present his claims in state court within sixty days from the date of this Order. *See id.* Further, he must ask this Court to lift the stay within sixty days of exhausting his state-court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation omitted).

## IV. Conclusion

Accordingly, IT IS ORDERED that Cain's "Motion to Stay and Hold Petition in Abeyance" [ECF No. 10] is GRANTED. Cain may file a motion for relief from judgment with

the state court within sixty days of receipt of this Court's Order, if he has not already done so. If Cain files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court. The case will be held in abeyance pending his exhaustion of the claims. Within sixty days after the conclusion of exhausting his state-court, post-conviction proceedings, Cain shall file a motion to reopen his habeas proceedings, along with an amended habeas petition which contains his exhausted claims.

To avoid administrative difficulties, the Court ORDERS the Clerk of Court to CLOSE this case for statistical purposes only. Nothing in this Order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock*, 207 F. Supp. 2d 668, 677 (E.D. Mich. June 18, 2002).

It is further ORDERED that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

                              s/Nancy G. Edmunds  
                              Nancy G. Edmunds  
                              United States District Judge

Dated: April 4, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 4, 2013, by electronic and/or ordinary mail.

                              s/Carol A. Hemeyer  
                              Case Manager